UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS STINSON,

                Plaintiff,

        -against-

SONIA S. PEARSON; ESTHER SANDY TUCKER; CUNY ("CITY UNIVERSITY OF NEW YORK"),

                Defendants.

1:20-CV-8701 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff Marcus Stinson, who appears *pro se*, asserts claims of discrimination and retaliation under Titles VI and VII of the Civil Rights Act of 1964 ("Title VI" & "Title VII"), the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 1981, and the New York City Human Rights Law. He seeks damages and injunctive relief. He sues: (1) his former employer, the City University of New York ("CUNY"); (2) Sonia S. Pearson, the Director of CUNY's Human Resources Department; and (3) Esther Sandy Tucker, the President of his union and a CUNY employee.[1] For the reasons discussed below, the Court dismisses this action.

**STANDARD OF REVIEW**

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if the Court determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

---

[1] Plaintiff has paid the relevant fees to bring this action. He sues the individual defendants in their individual and official capacities.

583 (1999). The Court can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff was employed by CUNY until August 18, 2017, when he was fired from his position as an Office Assistant in CUNY's Office of Facilities, Planning, Construction and Management. Before and after he was fired, Plaintiff filed complaints in this court and in the United States District Court for the Eastern District of New York asserting claims of employment discrimination and retaliation. The present action is the most recent of these. The Court will recount Plaintiff's other relevant actions before describing his allegations in the present one.

**A.**     ***Stinson v. City Univ. of New York*, 1:17-CV-3949 (KBF)**

The first action that Plaintiff filed in this court relating to his CUNY employment was *Stinson v. City Univ. of New York*, 1:17-CV-3949 (KBF) ("*Stinson I*"). Plaintiff was represented by counsel in that action. He filed the original complaint on May 24, 2017, an amended complaint on September 11, 2017, and a second amended complaint on February 2, 2018.

Plaintiff alleged that the defendants discriminated and retaliated against him beginning in 2015, and that this conduct culminated in Plaintiff's firing in 2017. He asserted claims under Title VII; the ADA; the Family and Medical Leave Act of 1993 ("FMLA"); 42 U.S.C. §§ 1981, 1983, and 1985; and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"). He sued: (1) CUNY; (2) Judith Bergtraum, CUNY's Vice Chancellor of its Office

2

of Facilities, Planning, Construction and Management ("FPCM"); (3) the Research Foundation of the City University of New York ("RFCUNY"), (4) Vincent Green, an RFCUNY employee, its Director of Vendor Integrity and Investigations at CUNY, and Plaintiff's former supervisor, and (5) John Antonelli, an RFCUNY employee and its Executive Director of Administration for FPCM.

In an Opinion & Order dated June 6, 2018, the court granted the defendants' motions to dismiss. ECF 1:17-CV-3949, 85. The court dismissed many of Plaintiff's claims against CUNY, and against Bergtraum in her official capacity, under the doctrine of Eleventh Amendment sovereign immunity. *Id.* at 22-23. The court dismissed the remainder of Plaintiff's claims for failure to state a claim on which relief may be granted. *Id.* at 24-30. Plaintiff did not appeal.

**B.**     ***Stinson v. City Univ. of New York*, 1:18-CV-5963 (RA)**

Twenty-two days after the court dismissed *Stinson I*, Plaintiff filed another action in this court arising from his CUNY employment, but this time without the assistance of counsel. *Stinson v. City Univ. of New York*, 1:18-CV-5963 (RA) ("*Stinson II*"). In *Stinson II*, Plaintiff asserted claims that he had previously asserted in *Stinson I*, including claims of discrimination and retaliation and claims under the FMLA. But he also asserted claims not previously asserted in *Stinson I*, that is, claims arising from events that allegedly occurred after he had been fired.

In an order dated July 30, 2019, the court determined that Plaintiff was barred from asserting his claims under the FMLA under the doctrine of issue preclusion but granted Plaintiff leave to amend as to other claims. ECF 1:18-CV-5963, 10, at 4-6. Plaintiff then filed an amended complaint. In a Memorandum Opinion & Order dated May 4, 2020, the court granted Plaintiff's

3

motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure and dismissed *Stinson II* without prejudice. ECF 1:18-CV-5963, 34.[2]

**C.**     ***Stinson v. City Univ. of New York*, 1:19-CV-4191 (LLS)**

On May 8, 2019, Plaintiff filed another *pro se* action in this court arising from his CUNY employment. *Stinson v. City Univ. of New York*, 1:19-CV-4191 (LLS) ("*Stinson III*"). He asserted claims under the FMLA; 42 U.S.C. §§ 1981, 1983, 1985, and 1986; and the NYSHRL and NYCHRL against CUNY and Bergtraum. By order dated July 19, 2019, the Court dismissed *Stinson III* on the Court's own motion under the doctrines of claim prelusion, issue preclusion, and Eleventh Amendment immunity. ECF 1:19-CV-4191, 12. The Court noted that Plaintiff's claims in *Stinson III* were "based on the same events underlying his complaint in *Stinson I*, that is, events that occurred up until his firing on August 18, 2017." ECF 1:19-CV-4191, 12, at 3. The Court: (1) dismissed Plaintiff's claims arising from those events underlying the claims in *Stinson I* under the doctrine of claim preclusion, (2) dismissed Plaintiff's claims under the FMLA, NYSHRL, and NYCHRL under the doctrines of issue preclusion and Eleventh Amendment immunity, and (3) warned Plaintiff "that further litigation of his employment discrimination claims against CUNY and its employees based on events occurring before his firing or other nonmeritorious matters in this Court will result in an order barring him from filing any new actions without prior permission." *Id.* at 3-7. Plaintiff did not appeal.

---

[2] In response to Plaintiff's March 3, 2021 request, ECF 1:18-CV-5963, 37, on March 5, 2021, the court granted Plaintiff until April 5, 2021, to file an amended complaint in *Stinson II*, 1:18-CV-5963, 38. But on March 9, 2021, in response to CUNY's request to reconsider that decision, ECF 1:18-CV-5963, 39, the court rescinded leave to amend, and directed Plaintiff to explain, by April 5, 2021, why he should be permitted to proceed with *Stinson II*. ECF 1:18-CV-5963, 41.

**D.** *Stinson v. G-Square Consulting Servs., LLC*, **1:19-CV-0013 (E.D.N.Y.)**

Ten days after this Court dismissed *Stinson III*, Plaintiff filed yet another *pro se* action, this time in the United States District Court for the Eastern District of New York, against Vincent Green's business, G-Square Consulting Services, LLC ("G-Square"), and CUNY. That action, *Stinson v. G-Square Consulting Servs., LLC*, 1:19-CV-0013 (E.D.N.Y.) ("*Stinson IV*"), is pending. Plaintiff asserts claims under federal and state law against G-Square and CUNY arising from Green's and CUNY's actions during Plaintiff's post-termination arbitration and unemployment-insurance proceedings, and from CUNY's barring Plaintiff from his workplace and from attending classes. *See Stinson IV*, 1:19-CV-0013, 25, 69 (E.D.N.Y.) (amended complaints).[3]

**E.      The present action**

On October 15, 2020, Plaintiff filed the complaint commencing the present action. He asserts claims under Titles VI and VII, the Rehabilitation Act, the ADA, 42 U.S.C. § 1981, and the NYCHRL against: CUNY; Sonia S. Pearson, the Director CUNY's Human Resources Department; and Esther Sandy Tucker, the President of Plaintiff's union and a CUNY employee. He sues the individual defendants in their official and individual capacities. Plaintiff's claims arise from: (1) the events leading up to his discharge from CUNY, and, (2) the events that allegedly took place after his 2017 firing, including his post-termination arbitration and

---

[3] Plaintiff has filed two amended complaints in *Stinson IV*, and the docket for that action shows that the court is considering whether to grant Plaintiff leave to file a third amended complaint. Thus, it is unclear which pleading is the operative pleading for that pending action.

unemployment-insurance proceedings, and from CUNY's barring him from his workplace and from attending classes.[4]

## DISCUSSION

In the present action, Plaintiff asserts some claims and raises some issues that either were or could have been adjudicated in his previous actions. Those claims and issues all arise from events concerning his employment, and the termination of his employment, at CUNY. Under the doctrines of claim and issue preclusion, Plaintiff may not relitigate those claims and issues. Plaintiff's remaining claims arise out of events that took place after his 2017 firing.

Plaintiff is aware of the doctrine of claim preclusion because in *Stinson III*, the Court held that "the doctrine of claim preclusion bars all [of Plaintiff's] claims . . . that are based on the same events and transactions that were at issue in *Stinson I*," that is, "events that occurred up until his firing" in 2017. ECF 1:19-CV-4191, 12, at 3, 4-5. The doctrine of claim preclusion, also known as *res judicata*, applies when "(i) an . . . action resulted in an adjudication on the merits; (ii) that . . . action involved the same counterparty [as the present action] or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in th[e] [already adjudicated] action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F. 3d 232, 237 (2d Cir. 2018), *rev'd on other grounds*, 140 S. Ct. 1589 (2020). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

---

[4] On March 8, 2021, Plaintiff filed a letter in this action in which he requested to withdraw his complaint, and for leave to file an amended complaint in which to assert claims against Tucker. (ECF 3.) On that same date, the Court denied Plaintiff's request. (ECF 4.)

Plaintiff is also aware of the doctrine of issue preclusion. In *Stinson III*, the Court held that issue preclusion barred him from relitigating his claims against CUNY and against a CUNY employee in her official capacity because the court in *Stinson I* had already held that those defendants were immune from suit under the Eleventh Amendment. ECF 1:19-CV-4191, 12, at 5-6. The doctrine of issue preclusion, also known as collateral estoppel, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party." *See Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) (internal quotation marks and citations omitted). This doctrine "'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted, emphasis in original).

Furthermore, Plaintiff is aware of the doctrine of Eleventh Amendment immunity because in *Stinson I*, and again in *Stinson III*, the court dismissed his claims under the ADA, the FMLA, the NYSHRL, and the NYCHRL against CUNY and against a CUNY employee in her official capacity under that doctrine, ECF 1:17-CV-3949, 85, at 11-12; ECF 1:19-CV-4191, 12, at 7. Eleventh Amendment sovereign immunity shields States from claims for damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). This immunity

applies to a State and to its agents and instrumentalities unless the State has waived its immunity from suit or unless Congress has abrogated that immunity. *Id.*

**A.      Claims arising from events leading up to and including Plaintiff's termination**

Here, Plaintiff again asserts employment-discrimination and retaliation claims that he previously raised (or could have raised) in *Stinson I* against CUNY, and against other CUNY officials (Pearson and Tucker), that arise from his employment, and the termination of his employment, at CUNY. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted under the doctrine of claim preclusion.[5] *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that the plaintiff's *in forma pauperis* action, which was dismissed as barred by claim preclusion (*res judicata*), was properly dismissed for failure to state a claim); *see also Thai-Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 191 (2d Cir. 2017) ("[C]ourts may consider certain affirmative defenses, such as [issue preclusion] and claim preclusion, *sua sponte*."); *see generally Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the

---

[5] Plaintiff asserts that:

> [t]he claims contained in this complaint could not have been raised in [*Stinson I*]. Since [Plaintiff's] termination, CUNY has alleged a multitude of new facts and narratives about [his] employment in 2018 and 2019. There have also been new events, exchanges, evidence and transactions that occurred after the date of [his] termination that could not have been litigated in [*Stinson I*].

(ECF 1, at 28.) The doctrine of claim preclusion "applies even where new claims are based on newly discovered evidence, unless 'the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (quoting *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991)). But Plaintiff alleges no facts showing that new evidence was either fraudulently concealed or could not have been discovered with due diligence.

allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.").

Plaintiff also sues CUNY and CUNY employees in their official capacities. As the court held in *Stinson I* and *Stinson III*, the Eleventh Amendment shields those defendants from suit under the NYCHRL. ECF 1:17-CV-3949, 85, at 11-12; ECF 1:19-CV-4191, 12, at 7. Plaintiff may not relitigate this issue. The Court therefore dismisses these claims under the doctrine of issue preclusion,[6] *see Thai-Lao Lignite (Thailand) Co., Ltd.*, 864 F.3d at 191, and under the doctrine of Eleventh Amendment immunity.[7]

## B.  Duplicative claims

Plaintiff asserts claims in the present action against CUNY that he has asserted in a another previously filed but pending action – *Stinson IV*, 1:19-CV-0013 (E.D.N.Y.). These claims arise from CUNY's alleged actions in proceedings that took place after Plaintiff was terminated from CUNY employment. The Court therefore dismisses these claims against CUNY

---

[6] Any new evidence that Plaintiff may have does not allow him to relitigate the issue of CUNY's and a CUNY employee's official-capacity immunity from suit under the NYCHRL. This is because new evidence does not negate their immunity from suit under the Eleventh Amendment. *See Mir v. Zucker*, No. 1:19-CV-6374, 2020 WL 2086215, at *5 (S.D.N.Y. Apr. 28, 2020) (holding, in the issue-preclusion context, that "this new information has nothing to do with the New York officials' immunity from suit. . . . [T]he new information does not allow Plaintiff to relitigate the issue of the New York officials' immunity from suit."), *appeal pending*, No. 20-1659 (2d Cir.); *cf. Wilder v. Thomas*, 854 F.2d 605, 620 (2d Cir. 1988) (new evidence did not disturb the application of issue preclusion (collateral estoppel) under New York law because, among other reasons, "[t]here is no new evidence germane to the issue").

[7] Even if the preclusion doctrines do not bar Plaintiff from asserting claims against the individual defendants, the statutes on which some of the present claims are based do not allow for individual liability. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (Title VII); *Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (ADA's anti-retaliation provision); *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("Insofar as [the plaintiff] is suing the individual defendants in their individual capacities, . . . § 504 of the Rehabilitation Act does not provide for individual capacity suits against state officials."); *e.g.*, *D.S. by and through C.S. v. Rochester City Sch. Dist.*, No. 6:19-CV-6528, 2020 WL 7028523, at *9 (W.D.N.Y. Nov. 30, 2020) (Title VI) (collecting cases).

as duplicative and without prejudice to his claims in *Stinson IV*, 1:19-CV-0013 (E.D.N.Y.). *See Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019) ("The vital difference between the rule against duplicative litigation and the doctrine of claim preclusion . . . is that the former can only be raised to bar one of two suits that are both still pending; the latter is generally raised, after a prior suit is resolved on the merits, to preclude a party (or its privy) from relitigating claims in a subsequent suit that were or could have been raised in the prior action.) (footnotes omitted); *cf. Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) (For a duplicative second action, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

**C.     Federal labor-law claims against Tucker**

Plaintiff appears to assert claims under federal labor law against Tucker, the President of his union, that she breached her duty of fair representation; the Court construes these claims as brought against Plaintiff's union, the proper defendant for such a claim. *See, e.g.*, *Gagliardi v. E. Hartford Hous. Auth.*, No. 3:02-CV-0478, 2005 WL 2175136, at *4 (D. Conn Sept. 7, 2005); *LaFauci v. St. John's Riverside Hosp.*, 381 F. Supp. 2d 329, 333 (S.D.N.Y. 2005). But because Plaintiff is a former public employee, and because the applicable federal labor law does not apply to public employees, the Court dismisses these claims for lack of subject-matter jurisdiction. *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009) (affirming district court's dismissal, for lack of subject-matter jurisdiction, of public employee's claims of breach of the duty of fair representation against her union because the applicable statute does not cover public employees); *Smith v. United Fed'n of Teachers*, 162 F.3d 1148 (2d Cir. 1998) (summary order) ("Because there is no federal jurisdiction over the [public] employer, there is no

jurisdiction over the companion claim [against the union] of breach of the duty of fair representation.").[8]

**D.      Remaining state-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed all the federal-law claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims that the Court has not addressed above.[9] *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

[8] Even if Plaintiff were not a former public employee, he could not proceed with such a claim against Tucker because there is no individual liability for such a claim. *See Morris v. Local 819, Int'l Bhd. of Teamsters*, 169 F.3d 782, 784 (2d Cir. 1999).

[9] Plaintiff does not invoke the Court's diversity jurisdiction to consider any state-law claims. Thus, the Court construes Plaintiff's complaint as asserting state-law claims under the Court's supplemental jurisdiction. Plaintiff's address of record is a post-office box in Englewood, New Jersey, and he alleges that Pearson resides in New York, and that CUNY's central office is in New York. (ECF 1, at 1.) But he does not assert the state citizenships of the remaining parties (including himself), show that the parties are diverse, or allege any facts showing that his state-law claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1). Thus, even if the Court were to construe the complaint as invoking diversity jurisdiction, the Court would lack such jurisdiction to consider Plaintiff's state-law claims.

## CONCLUSION

The Court directs Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action for the reasons set forth in this order.

SO ORDERED.

Dated:  March 10, 2021
        New York, New York

                                                                    *Louis L. Stanton*
                                                                     Louis L. Stanton
                                                                          U.S.D.J.